**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DeJuan Williams, | No. CV17-01833-PHX-DGC (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L. Ryan, Director of the Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff DeJuan Williams is an inmate at the Arizona State Prison Complex-Eyman. He brought this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. The amended complaint alleges First and Fourteenth Amendment violations arising from policies of the Arizona Department of Corrections (ADOC) prohibiting sexually explicit material in the prison system. Doc. 15.

Plaintiff has filed a motion for appointment of counsel, claiming that as a pro se inmate he cannot effectively investigate essential evidence at the foundation of his claims. Doc. 68. Magistrate Judge Deborah Fine has issued an order denying the motion. Doc. 72. Plaintiff has appealed Magistrate Judge Fine's order to this Court. Doc. 75.

The Court has reviewed Judge Fine's order de novo and, for reasons stated below, finds that the order is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a);

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  The order therefore will be affirmed.

**I.      Legal Standard.**

There is no constitutional right to appointed counsel in a civil case.  *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  But the Court has discretion to appoint counsel in "exceptional circumstances." 28 U.S.C. § 1915(e)(1).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [plaintiff] to articulate his or her claim pro se in light of the complexity of the legal issues involved.'"  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

**II.     Discussion.**

Judge Fine found that Plaintiff has not demonstrated a likelihood of success on the merits.  Doc. 72 at 1.  Plaintiff challenges this finding, claiming that none of the publications at issue is sexually explicit or otherwise detrimental to the safe, secure, and orderly operation of the correctional facility.  Doc. 75 at 1-3.  Plaintiff notes that he has sufficiently stated plausible claims for relief.  *Id.* at 3.

The Court determined that the amended complaint, liberally construed, states claims for which relief could be granted if the allegations are proven at trial.  Doc. 17 at 9.  But "without more than the bare allegations of the [c]omplaint, it is presently impossible to determine the likelihood of Plaintiff's success on the merits."  *Wilson v. Hardison*, No. 1:09-CV-213-BLW, 2009 WL 1650459, at *4 (D. Idaho June 10, 2009); *see Wilson v. Cuevas*, No. 16CV2100-BTM (MSB), 2018 WL 6436834, at *2 (S.D. Cal. Dec. 7, 2018) (finding that sufficiently pled claims did not support the appointment of counsel because it was premature for the court to determine the strength of the claims); *Garcia v. Smith*, No. 10CV1187 AJB RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) ("Although Garcia's . . . claims survived Defendant's Motion to Dismiss, it is too early to determine the likelihood of success on the merits.  Without more, it is not certain whether any of Plaintiff's causes of action will survive summary judgment.  This factor does not support

Garcia's request for an appointed lawyer.").

Plaintiff does not dispute Judge Fine's finding that he is capable of presenting legal and factual arguments to the Court. Docs. 72 at 1-2, 75 at 3. Rather, he claims that he faces the "complex legal issue" of being unable to investigate evidence necessary to support his claims, specifically, the materials claimed to be sexually explicit and excluded by the ADOC. Doc. 75 at 4. But Plaintiff has not shown that appointed counsel is necessary to remedy this purported problem.[1]

Plaintiff has not met his burden of demonstrating the requisite exceptional circumstances for the appointment of counsel in this civil case. *See Wilborn*, 789 F.2d at1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

**IT IS ORDERED** that Judge Fine's order denying Plaintiff's motion for appointment of counsel (Doc. 72) is **affirmed**.

Dated this 9th day of January, 2019.

David G. Campbell
Senior United States District Judge

---

[1] Plaintiff filed a motion for a hearing on access to the excluded materials, which Judge Fine denied on January 3, 2019. Docs. 76, 80. Plaintiff may object to this ruling if he believes it is erroneous. *See* Fed. R. Civ. P. 72(a). Plaintiff also may address any potential prejudice resulting from lack of access to the excluded materials in his response to Defendants' summary judgment motion. *See* Docs. 65, 80 at 6.