**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV17-01833-PHX-DGC (CDB)<br><br>**ORDER** |

Pro se plaintiff DaJuan Torrell Williams has moved for leave to amend his first amended complaint. Doc. 84. The motion is fully briefed. Docs. 91, 94. Magistrate Judge Camille Bibles issued a Report and Recommendation ("R&R") recommending that the Court deny the motion. Docs. 104. The Court will accept the R&R and deny Plaintiff's motion.

**I.     Background.**

Plaintiff filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 on June 13, 2017. Doc. 1. He later filed a first amended complaint, which alleges that Defendants violated his First Amendment rights by enforcing a prison policy which prohibits inmates from possessing "sexually explicit material or content that is detrimental to the safe, secure, and orderly operation of the facility." Doc. 104 (quoting Doc. 13 at 5). He alleges that Defendants have withheld certain written materials from him that do not fall within the policy's prohibition and that the deprivation of those items has violated his rights.

The discovery deadline was August 8, 2018, and the deadline for filing dispositive motions passed on October 7, 2018. Doc. 27. Defendants' summary judgment motion is pending. Doc. 65. Plaintiff seeks leave to add six defendants and the allegation that 43 other reading items have been wrongfully withheld. Doc. 84.

**II.     Legal Standard.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1).

**III.    Discussion.**

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, *Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with "extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But "[a] trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) (citing *Foman*, 371 U.S. at 182). "Prejudice to the opposing party is the most important factor." *Id.*

The R&R concluded that permitting Plaintiff to amend his complaint at this late date would prejudice the existing and new defendants and delay the proceedings. As already noted, discovery is completed and Defendant's pending summary judgment motion, if granted, would deny Plaintiff relief on all current claims.

Plaintiff generally objects and asserts that the R&R failed to consider seven facts, which the Court construes as the following: (1) Plaintiff has amended his complaint only once; (2) Plaintiff is proceeding pro se, Rule 15 does not "explicitly mandate[] or

designate[] a specific time" in which to request leave to amend, and Plaintiff's correctional facility has no law library; (3) Plaintiff notified Defendants before the completion of discovery that he would move for leave to amend; (4) Plaintiff notified Defendants 70 days before their summary judgment motion that he would move for leave to amend; (5) Plaintiff filed a motion to compel discovery before Defendants filed their summary judgment motion and waited 90 days for the Court's order; (6) Plaintiff has acted in good faith and not with undue delay; and (7) Plaintiff has been prejudiced. Doc. 108 at 1-2.

Plaintiff asserts that he intended to seek leave to amend 70 days before Defendants moved for summary judgment in October 2018. *See* Doc. 108 at 2. Yet Plaintiff did not file this motion until February 2019, nine months after discovery closed. Allowing Plaintiff to amend now would prejudice Defendants by requiring additional discovery on six new defendants and 43 withheld items, and would further delay litigation and disposition of Defendants' motion. *See Jackson*, 902 F.2d at 1387; *Foman*, 371 U.S. at 182.

Plaintiff was informed of the procedure for seeking leave to amend and provided with discovery deadlines. Docs. 9 at 13; 27. And Defendants would be no less prejudiced by the additional discovery and delay simply because Plaintiff notified them more than eight months ago that he might seek leave to amend. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend filed five days before close of discovery). The Court will accept the R&R and deny Plaintiff's motion.

**IT IS ORDERED:**

1. The R&R by Magistrate Judge Camille D. Bibles (Doc. 104) is **accepted**.

2. The motion for leave to amend (Doc. 84) is **denied**.

Dated this 16th day of May, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge