DaJuan Williams #124315
Arizona State Prison Complex - Eyman
P.O. Box 3400/SMU-II
Florence, Arizona 85132
Plaintiff, 'Pro Se'

United States District Court

District of Arizona

| DaJuan Williams, | United States District Court |
| Plaintiff, | No. CV17-1833-PHX-DGC (CDB) |
| vs. | |
| Charles L. Ryan, et al., | Plaintiff's Motion for a New Trial to |
| Defendants. | Alter or Amend Judgement [Doc.110], pursuant to Rule 59 |

Plaintiff, in 'Pro Se', hereby objects to all findings and determinations made by this Court in its order, received by Plaintiff on September 3, 2019, granting Summary Judgement for the Defendants in this case (Doc.110) and moves for a New Trial to Alter or Amend said Judgement for cause on the matter pursuant to Rule 59 Fed.R.Civ.P.

Plaintiff submits the following Memorandum of Points and Authorities in Support of this Motion:

## Memorandum of Points and Authorities

### I. Statement of Case

Plaintiff brought a verified complaint before the court asserting that Department Order (DO) 914.07 was arbitrarily and unconstitutionally implemented "solely based upon the personal belief, feelings, opinions, and objections of" the Defendant (Doc.13-Plaintiff's Verified First Amended Complaint, at ¶10) and; that DO 914.07 was unreasonable and invalid as written and applies and was thereby, facially unconstitutional (Id. at ¶¶5-11).

The Defendants, moving for Summary Judgement, contended and asserted that DO 914.07 was

1. justifiably implemented due to ADC Administrators "consistently receiv[ing] complaints..." and, that "
2. particulary female... personal were frequently harassed by inmates... often while... sexually explicit
3. pictures or text" and, that "sexually explicit pictures and text" were used to harass "inmates, staff, and
4. volunteers causing a hostile environment and, were having a negative impact on treatment and rehabilitation"
5. (Doc. 65 - Defendants' Motion for Summary Judgement, at 2-3) and therefore, said policy is constitutionally sound.
6. This court granted Summary Judgement to the Defendants' on Plaintiff's challenge to said Policy (Doc. 110 - Court Order,
7. at 20).
8.
9. II. Improper "Evidentiary determinations and findings."
10.
11. The Court's function is not to weigh the evidence and determine the truth, but to determine
12. whether there is a genuine issue for trial (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).
13. The Court cannot make credibility determinations on a motion for summary judgement and must believe
14. the evidence submitted by [Plaintiff] and draw all inferences in [Plaintiff's] favor (Id. at 255;
15. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007)).
16. The Court is required to consider only the cited materials, but may choose to consider any
17. other materials in the record (Fed. R. Civ. P. 56(c)(3)) however, where the non-movant is a pro se
18. litigant, the Court must consider as evidence in opposition to Summary Judgement all of the non-
19. movants contentions set forth in a verified complaint or motion (Jones v. Blanas, 393 F.3d 918,
20. 923 (9th Cir. 2004)). (emphasis added)
21. [Plaintiff] need not establish a material issue of fact conclusively in his favor (First
22. Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)), [Plaintiff] need only "come forward
23. with specific facts showing that there is a genuine issue for trial." (Matsushita Elec. Indus. Co.,
24. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation omitted); see Fed. R. Civ. P. 56(c)(1)).
25. The 9th Circuit has held that courts must "continue to construe pro se filings liberally"
26. (Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per
27. curiam)).
28.

1.     This Court held that, "Plaintiff cites no evidence indicating that the aim of the policy is to
2. suppress expression" (Doc. 110 at 10 § 3-4). Let the Record Reflect the evidence submitted by Plaintiff
3. asserting this exact fact, point, and argument; DOC. 13 - Plaintiff's verified First Amended Complaint, at counts
4. 1 & 2 / Doc. 86 - Plaintiff's Response to Defendants' Motion for Summary Judgement, at 1 § 27; 2 § 1-4; 2-4/
5. DOC. 87 - Plaintiff's Controverting Statement of Fact, at ¶¶ 10, 34, 37 and; Exhibit (A) at ¶¶ 9-17, 20, 25, 35,
6. 37-40; Ex's (B), (C). Plaintiff clearly asserted, and supported with evidence, that the objectives of
7. Defendant Ryan, and the purpose of the policy at issue, was/is to "suppress expression" and;
8.     This Court held that, "Plaintiff does not meaningfully refute Defendants' evidence or arguments"
9. (Id. at 10 § 20); The "Defendants' Evidence" largely and wholly consisted of the Declaration of one
10. Carson McWilliams (It is unclear to Plaintiff as to the correct Docket # of the Defendants' Statement of
11. facts; while the Defendants' Motion for Summary Judgement is docketed at 65, the court has cited Doc. 62
12. as the Defendants' Statement of facts and Plaintiff will use the Court's designation; DOC. 62 at Exhibit A)
13. which, was wholly unsupported, largely conclusory and constantly lacked foundation and, which would
14. be inadmissible as evidence in any trial court of law; nor None the less; Let the Record Reflect the
15. evidence submitted by Plaintiff asserting facts, points, and arguments in his favor and, genuinely disputing
16. any and all claims by the Defendants; a verified complaint (Id); a Response to Defendants' Motion
17. for Summary Judgement (Id); Controverting Statement of facts (Id) and; 3 Declarations, including
18. Plaintiff's Declaration of facts and circumstances which contained proper foundation, and which was supported
19. with material evidence, as to every fact stated therein and, 19 other attachments and exhibits.
20. Plaintiff clearly and meaningfully disputed all arguments and the one piece of evidence submitted by
21. the Defendants and;
22.     This Court held that, "In addition to the fact that these affidavits do not necessarily reflect
23. the attitudes or behaviors of all general population Inmates now or in the past..." (Id at 10 §
24. 22-8 § 11 § 1) which, aside from being a clear and improper "Evidentiary finding and determination,"
25. is a wholly incorrect and misinformed finding (See DOC. 13 at 5-8; DOC. 87, Exhibit (A)
26. at ¶¶ 13, 14, 15, 16 and; Ex's (B), (C)) and;
27.     This court held that, "Plaintiff argues that allowing 'Pornography [and] sexually explicit
28.

1. material back into the general population would have little or no effect on ADC,' but cites no
2. support" (Id. at 13 §15-16). "Liberally construed," Plaintiff would assert that all of the evidence submitted
3. that; (1) the Defendants' claims of "continued sexual harassment with sexually explicit material," is a
4. complete fabrication; (2) the codes of conduct amongst general population (g.p.) Inmates (I/ms) and the
5. nature of ADC; (3) sex offender are segregated and not a part of the g.p. and, "sexual related" treatment
6. and rehabilitation is not offer to or required of g.p. I/ms and; (4) there were always reasonable and
7. effective policies in place regulating pornography and sexually explicit material and Inmate maintenance
8. and conduct with such so supported his argument; Let the Record Reflect the submitted evidence and
9. material owed consideration supporting Plaintiff's argument; DOC.13 at 5-8; DOC. 87 at ¶¶ 8,10,12,14,15
10. and; Exh.(A) at ¶-¶ 12-20; Exh.(B),(C), and;

11.     This Court held that, "Plaintiff makes no argument as to the forth factor, but simply asserts all
12. points and arguments herein stated" (Id. at 14 §11-12). "Liberally construed," Plaintiff's argument is all
13. asserted facts and points made, and factually supported, throughout this case that the Defendants' claims
14. for justification of the implementation of the policy at issue are complete fabricated, unreasonable, and
15. serve no legitimate penological interest and at best, was an "exaggerated response"; Let the Record
16. Reflect the submitted and cited evidence supporting argument and genuine dispute against the forth
17. factor in favor of the Defendants; DOC.13 at 5-11; DOC. 87 at ¶-¶ 8-15 and; Exh.(A),(B),(C).

18.
19.     There was clearly a fair amount of evidence and factual support submitted by Plaintiff
20. and owed consideration in this case and these Summary Judgement proceedings and seemingly, at every
21. point this Court consistently dismissed, disregarded, or "disbelieved" Plaintiff's evidence and factual
22. support throughout its Summary Judgement Ruling (Id). This is contrary to law and
23. Plaintiff asserts that this Court made improper evidentiary findings and determinations and dismissed,
24. disregarded, and disbelieved Plaintiff's submitted evidence and factual support and, drew no
25. inferences in Plaintiff's favor. (supra)
26.     There is manifest error present in this Courts Ruling and, there has been a clear
27. miscarriage of justice in this matter and Plaintiff has been completely deprived of due process;
28.

1  Plaintiff Respectfully Request that this Court alter its Judgement and properly, and lawfully,
2  deny Summary Judgement to the Defendants' in this case.
3
4  <u>III. Summary Judgement Proceedings</u>
5
6  In Summary Judgement proceedings, if the [Defendants'] fails to carry its initial burden of
7  production, the [Plaintiff] need not produce anything (<u>Nissan Fire & Marine Ins. Co., Ltd. Vs Fritz Co., Inc.,</u>
8  210 F. 3d 1099, 1102-03 (9th Cir. 2000)). But if the [Defendants] meet their initial responsibility, the burden shifts
9  to the [Plaintiff] to demonstrate the existence of a factual dispute and that the fact in contention is
10 material (a fact that might affect the outcome of the suit under the governing law) and that the
11 dispute is genuine (the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]),
12 ('<u>Anderson</u>' at 248, 250; see. <u>Triton Energy Corp. Vs Square D. Co.</u>, 68 F. 3d 1216, 1221 (9th Cir. 1995)).
13     [Plaintiff] need not establish a material issue of fact conclusively in his favor (supra),
14 but must "come forward with specific facts showing that there is a genuine issue for trial." (supra)
15     An affidavit or declaration used to support or oppose a motion [for Summary Judgement] must
16 be made on personal knowledge, set out facts that would be admissible in evidence, and show that
17 the affiant or declarant is competent to testify on the matters stated (Fed. R. Civ. P. 56(c)(4)).
18
19 <u>**genuine disputes of material facts**</u>
20     The Defendants' stated as fact, as justification for the implementation of the policy at issue,
21 that while ADC inmates were allowed sexually explicit material that "ADC Administrators would
22 consistently receive complaints..." and, that "Particularly female officers... were frequently harassed by
23 Inmates... often while using sexually explicit pictures or text." (DOC. 62 at ¶¶ 7, 8, 9).
24     Plaintiff "Objected" to, and genuinely disputed these unsupported, conclusory claims as outright
25 fabrications (DOC. 13 at 5-8; DOC. 87 at ¶¶ 3, 7, 8, 9 and; Exh. (A)(B)(C)).
26     These claims are material facts that are in dispute;
27     This Court "Overruled" any objections by Plaintiff and, dismissed all proper evidence and
28

1. supported material facts submitted by Plaintiff in dispute. (Doc. 110 at 3,4) and, found the Defendants' claims
2. to be indisputable fact holding that MAURO vs ARPAIO, 188 F.3d 1054, 1060 (9th Cir. 1999) overrules
3. existing Summary Judgement Law and that the Defendants need not factually support or prove any claims and bears
4. no burden of production (Id. at 3:28; 4:15-22).
5. The movant bears the initial responsibility of presenting the basis for its motion and identifying those
6. portions of the record, together with affidavits, if any, that it believes demonstrates the absence of a
7. genuine issue of material fact (Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(a)).
8. If the movant fails to carry its initial burden of production, the nonmovant need not produce anything (supra).
9.      Plaintiff has been denied due process. Plaintiff genuinely disputed, with evidence and material
10. facts, the justifications "claimed" by the Defendants' as the reasonings for the and implementation
11. of the policy at issue (Walker vs Sumner, 917 F.2d 382, 385-87 (9th Cir. 1990) (holding that prison officials must
12. provide support for the justification of their regulations; assertions made without explanation or factual
13. support are not enough)). This is a disputed, triable issue of fact ('Anderson' (supra); 'Triton Energy Corp' (supra)).
14.      The Defendants stated as fact, allegedly about all sexually explicit material real or
15. imagined, that "such content encouraged general disrespect and specifically disrespect of females; sexual
16. images and writings are often intertwined with various levels of coercion and violence." (Id. at 10)
17. However, the Defendants offered up no foundation, evidence, or factual support to these conclusory statements.
18.      Plaintiff "objected" to, and genuinely disputed these obviously bias and conclusory statements
19. (Doc. 85) at PF 3¶7, 10 and ¶Exh.(A) at ¶-¶, ¶-¶ 9-11, 23-26).
20.      These claims are material facts that are in dispute.
21.      This court "overruled" any objections by Plaintiff and, dismissed all proper evidence
22. and supported material facts submitted by Plaintiff in dispute (Id. at 4, 13).
23.      Plaintiff genuinely disputed, with proper evidence and supported material facts, these unsupported and
24. unfounded claims made by the Defendants in explanation and/or justification ('Walker' (supra)). This is
25. a disputed, triable issue of fact (supra).
26.      The Defendants claimed as fact that, "Since those regulations [at issue] were adopted, staff
27. has reported that they generally feel more comfortable, especially female staff…" (Id. at 14). However,
28.

1. the Defendants offered up no foundation, evidence, or factual support to these conclusory statements.
2. Plaintiff "OBJected" to, and genuinely disputed these abstractly subjective claims (Doc. 13 at
3. 5-8; Doc. 87 at ¶¶ 3v, 8, 14 and; Exh (A) at ¶-¶ 32-40; Exh (B),(C)).
4. This claim is a material fact that is in dispute;
5. This court "overruled" any objections by Plaintiff and, dismissed all proper evidence and supported
6. material facts submitted by Plaintiff in dispute (Id. at 4, 13).
7. Plaintiff genuinely disputed, with proper evidence and supported material facts, this lawfully
8. insufficient and inadmissible claims (supra). This is a disputed, tritable issue of fact (supra).
9. — The Defendants stated as fact that the policy at issue "does not prohibit any and all sexually
10. related material in publications, but only sexually explicit material." (Id. at 37).
11. Plaintiff genuinely disputed this subjective and conclusory claim (Doc. 13 at Counts 2-7; Doc. 87
12. at ¶¶ 30, 37 and; Exh(A) at ¶-¶ 32-40; Exh (B)(C)).
13. This court made no definitive findings as to this disputed material fact (Id.).
14. Plaintiff genuinely disputed, with proper evidence and supporting material facts, this conclusory and
15. misleading claim (supra). This is a disputed, tritable issue of fact (supra).
16. — The Defendants, "suggested", as a "possible fact" that prison libraries have "sexually
17. explicit material" and, that television programs "have content that is sexually-related" (Id. at ¶¶ 34,
18. 35). However, the Defendants' admit that library books "are not read" and, that they "[do] not monitor
19. or regulate" television programming or content (Id.), so they cannot testify to, or make factual statements
20. as to the contents of library books or television programming and it is unclear why these "suggestions"
21. were accepted as "stated facts" by this court.
22. Plaintiff need not produce anything in dispute of "suggested or possible facts" (<u>Nissan Fire &</u>
23. <u>Marine Ins. Co., Ltd. v. Fritz Co., Inc.</u>, at 1102-03). None the less, Plaintiff genuinely disputed these
24. "suggestions" as "meaningful alternatives" (Doc. 87 at ¶¶¶¶ 34, 35, 36, 37).
25. This court made no definitive findings as to these disputed material facts but, held as fact
26. that "Defendants present evidence that ADC prisoners have alternatives to ~~or~~ library books that may have
27. sexual content, and television programs that have sexual content" (Id. at 12 ll-14).
28.

1  There was no "fact" stated or supported and, the court erred in holding the Defendants'
2  "suggestions" as facts against Plaintiff.

4     2. "Turner" Standard analysis
5  Plaintiff does not come before this court contending that "treatment and rehabilitation" or "
6  Reducing sexual harassment and preventing a hostile environment" are not "Legitimate penological interest"
7  What Plaintiff does assert and contend before this court is that the "policy at issue" is
8  unreasonable and not valid and, was not implemented for, and does not serve, a "Legitimate penological
9  interest" as it relates to the "Arizona Department of Corrections." (DOCs13 at 5-8).
10  The 'Turner' standard requires that a policy of deprivation be "Reasonable Related" and
11  "Legitimate" (Turner v. Safley, 482 U.S. 78, 89-90 (1987) ("[W]hen a prison regulation impinges on inmates'
12  constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interest. First,
13  there must be a 'valid, rational connection' between the prison regulation and the legitimate government interest
14  put forward to justify it xxx")).
15  A determination of "Reasonable" and "Legitimate" Requires inquiry, analyzation, and consideration
16  of the "facts and circumstances" as they exist (Reasonable and Legitimate, as defined by Merriam-Webster's
17  Dictionary of Law (©2006): "Supported or justified by fact or circumstance" and: "to show or affirm to
18  be justified or have merit", respectively).
19  Plaintiff has asserted that the policy at issue was arbitrarily and illegitimately imply-
20  -mented solely based upon the religious beliefs and opinions of Defendant Ryan (DOCs13, 86, 87) (Lee v.
21  Weisman, 505 U.S. 577, 587 (1992) (the court announced that "at a minimum, the constitution guarantees that
22  government may not coerce anyone to support or participate in religion or its exercise xxx") see also,
23  Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971)); (Wolff v. McDonnell, 418 U.S. 539, 558 (1974); Wilkinson v.
24  Austin, 545 U.S. 209, 220-24 (2005) (Due process clauses prohibit government from infringing on prisoner's liberty
25  interest without due process of law); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) (due process
26  protections require prisoners be free of arbitrary and purposeless use of authority) (per curiam)).
27  Plaintiff asserted his entitlement to not be labeled or treated as a "Sex offender" or, any
28                                              8 of 11

1. automatic, or inevitable "sex offender" (Id.) (Coleman v. Dretke, 395 F.3d 216, 222 (5th Cir. 2004) (Liberty
2. interest in not being labeled sex offender when not previously convicted for sex crime); Kirby v. Siegelman,
3. 195 F.3d 1285, 1291 (11th Cir. 1999) (same); Brown v. Montoya, 662 F.3d 1152, 1168 (10th Cir. 2011) (Liberty interest in
4. not being classified as a sex offender when not previously convicted for sex crime));

5. Plaintiff asserted, genuinely disputed and factually supported the fact that ADC general population
6. inmates have a "zero-tolerance" code of conduct for sexual crimes and violations, and that the Defendants'
7. claim of "continual sexual harassment" is a complete fabrication (Id.) (Thornburgh v. Abbott, 490 U.S.
8. 401, 404 (1989) (noting that publications must be "detrimental to the security, good order, or discipline of
9. the institution or facilitate criminal activity" before their access can be restricted)); There was not
10. "continual sexual harassment" nor, is there any legitimate probability of such conduct in the future,
11. within ADC g.p. ~~[crossed out]~~
12. and, the prison administration is aware and has always been aware of this fact (Doc. 13 at 5-8; Doc. 87
13. at ¶ 8 and § Exh. (A) at ¶¶ 12,13,14,15,16, Attachment 2 and § Exh. (B),(C)) and the Defendants' "claims" of
14. "Reducing sexual harassment" are hollow and "exaggerated" at best (Kaden v. Slykhuis, 651 F.3d 966,
15. 969 (8th Cir. 2011) (1st Amendment claim stated when prison official's confiscation of magazine as mail likely to
16. incite violence may have been "exaggerated response to prison concerns")) and;

17. Plaintiff asserted, genuinely disputed and factually supported the fact that ~~[crossed out]~~
18. the Defendants' claims of "treatment and rehabilitation" are unreasonable and not valid in light of
19. the fact that "sex offenders" are segregated from the general population in ADC and that related
20. "treatment and rehabilitation" programs are limited to sex offenders only (Id.) (Beard v. Banks,
21. 548 U.S. 521, 547-48 (2006) (Stevens, Jr., dissenting) (Justice Stevens disagreed with the decision of the Court
22. because the rationale of rehabilitation was too broad and could theoretically justify taking away any
23. right or privilege in prison); Ramirez v. Pugh, 379 F.3d 122, 129 (3d Cir. 2004) (finding that "the
24. connection between the [restrictive policy] and the government's rehabilitative interest" is not "
25. obvious upon consideration of the entire Federal inmate population, including those prisoners not
26. incarcerated for sex-related crimes"));

27. Plaintiff asserted, genuinely disputed and factually supported the fact that the policy at issue,
28.

1  particularly DO919.07§1.2.1?, is unreasonable and illegitimate and, that the purpose and objective of
2  said policy and Defendant Ryan is complete oppression and deprivation (id) (Aiello v. Litscher, 104 F.
3  Supp. 2d 1068, 1079-81 (W.D. Wis. 2000) ("the court held that a regulation banning all written or visual
4  materials containing nudity or sexual behavior was too vague because it would also ban important works
5  of art and literature. The court noted that a jury could find that the prohibition of such works is not
6  reasonably related to legitimate penological interests. It also concluded that there was no evidence that
7  such materials threaten security or rehabilitation)).
8
9        Plaintiff asserted legitimate and genuine disputes to facts triable by a jury and demonstrated
10  that the policy at issue is unreasonable, arbitrary, and serves no justified legitimate penological interest
11  in this instance (id) (Thornburgh' at 404) and summary judgement should not have been granted in
12  this case (Bahrampour v. Lamport, 356 F.3d 969, 973 (9th cir. 2004) ("To "defeat summary judgement,
13  [a plaintiff] must demonstrate that the regulations are not reasonably related to legitimate penological
14  interest"); Whitmire v. Arizona, 298 F.3d 1134, 1136 (9th cir. 2002) (noting that a Plaintiff's case should not be
15  dismissed unless the prison has provided evidence supporting a rational relationship between a policy and
16  the policies justification, or unless there is a "common-sense connection" between the policy and
17  the prisons' penological interest)).
18        This court, seemingly, has held that as long as prison officials "parrot" previously
19  approved "court language and standards", all burdens are meet and no inquiry or analysis need
20  be made into "actual facts and circumstances"; this is contrary to current law (supra).
21  And, Plaintiff contends that the holding in Mauro v. Arpaio, (188 F.3d 1054, at 1060 (9th cir. 1999), heavily
22  relied upon in this court's decision, while it may be an appropriate "jury instruction"; it is not
23  appropriate in a pre-trial or "summary judgement" context as it serves as a complete procedural
24  bar to "due process, depriving Plaintiff of any means of challenge or adversarial testing. This
25  court's holding has done exactly that and this is contrary to law (supra).
26        There is manifest error present in this case and, there has been a miscarriage of
27  justice and a complete denial of due process.
28

10 of 11

Plaintiff Respectfully Request that this court alter its Judgement and properly, and lawfully, deny Summary Judgement to the Defendants in this case.

## IV. Conclusion

For the reasons herein stated, Plaintiff Respectfully Request that this court alter its Judgement and properly and lawfully deny Summary Judgement to the Defendants in this case. Plaintiff further respectfully Request that this court make any other Judgements, or issue forth any other such orders that it deems to be fair, just and appropriate in this matter, in the interest of Justice.

Respectfully Submitted September 24, 2019

By _____

DeJuan Williams #124345, Plaintiff, 'Pro Se'.
ASPC-Eyman
P.O. Box 3400 / SMU II
Florence, AZ 85132

Handed to Prison officials for E-file on September 24, 2019.