Mark Brnovich
Attorney General

Michael E. Gottfried
Assistant Attorney General
2005 N. Central Ave
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7693
Fax: (602) 542-7670
E-mail: michael.gottfried@azag.gov

*Attorneys for Defendants Ryan, Williams, Osler and Anderson*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Defendants. | No: CV17-01833-PHX-DGC (CDB)<br><br>**DEFENDANT'S SUPPLEMENTAL RESPONSE RE INJUNCTIVE RELIEF** |

Defendant Shinn[1], in his official capacity as the Director of the Arizona Department of Corrections, through undersigned counsel, responds to Plaintiff's supplemental briefing on as-applied injunctive relief (doc. 110 at 19-20).

**A.　Plaintiff's As-Applied Injunctive Relief Claims.**

Plaintiff claims that the Arizona Department of Corrections ("ADC") violated his First Amendment rights by excluding publications and photos that he ordered. He seeks injunctive relief to have the following publications and photos returned to him, as well as to change ADC policy (doc. 117):

---

[1] Charles L. Ryan retired as the Director of the Arizona Department of Corrections. As of October 21, 2019, David Shinn is the Director of the Arizona Department of Corrections. *See* https://azgovernor.gov/governor/news/2019/10/governor-ducey-names-david-shinn-department-corrections-director. Under Federal Rule of Procedure 25(d), when a public officer sued in his official capacity ceases to hold office his successor "is automatically substituted as a party." As such, Director Shinn is substituted for former Director Ryan in his official capacity.

**1. Books**

- Seduction's Spell;
- Decadence;
- Pleasure Control;
- The Forever Kiss;
- XXX Adult Stories of Burning Desires ;
- XXX Adult Stories: a Bride for the Whole Family.

(Doc. 117 at 1- 2.)

**2. Magazines**

- December 2016 *Elle*;
- January 2017 *Elle*;
- February 2017 *Elle*;
- November 2016 *Cosmopolitan*;
- December 2016 *Cosmopolitan*;
- January 2017 *Cosmopolitan*;
- February 2017 *Cosmopolitan*;
- March 2017 *Cosmopolitan*;
- March 2017 *Harper's Bazaar*;
- September 2016 *Elle*.

(*Id.*)

**3. Legal Periodical**

2014 *Prison Legal News*

(*Id*. at 3.)

**4. Photos**

Non-nude photographs, catalogs of non-nude photographs.

(*Id*. at 2-3.)

**5. Change in Policy**

Plaintiff claims that current policy allows for publications to be redacted, however, the policy does not allow for inmates to refuse or decline having their personal property redacted. (*Id*. at 3.) He argues that under the publication regulations if an inmate files an appeal of a publication decision the inmate forfeits the right to not have

2

his personal property torn-up, defaced and devalued (presumably this means redacted) for exercising his due process rights. (*Id*.)

He requests that a policy change be made to allow inmates to exercise their constitutional rights of review and appeal without consequence and to not be punished or deprived of the constitutional rights to not have their personal property destroyed without permission or written consent if they choose not to. (*Id*.)

**B.     Summary Judgment Standard.**

The Court should grant summary judgment if the movant shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The disputed facts must be material. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must demonstrate a dispute "over facts that might affect the outcome of the suit under the governing law" to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is proper if the nonmoving party fails to make a showing sufficient to establish the existence of an essential element of his case on which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323.

**C.     As-Applied Constitutional Challenge.**

Plaintiff claims that ADC's publication review policy is unconstitutional as applied to the specific issues of magazines and photos that were excluded (doc. 117). The publication review policy was properly and constitutionally applied to each of these publications and photos.

The *Turner v. Safley*, 482 U.S. 78, 89 (1987), test is also used for as-applied constitutional challenges. *Bahrampour v. Lampert,* 356 F.3d 969, 975 (9th Cir. 2004). A plaintiff brings an as-applied challenged when he argues that his conduct was not in violation of the prison regulation at issue. *Hackworth v. Torres*, No. 1:06-CV-773-RCC, 2011 WL 1811035, at *4 (E.D. Cal. May 12, 2011)    "An as-applied challenge determines whether the regulation was unconstitutional as applied to the inmate by examining "whether applying the regulation to [the] speech . . . was rationally related to

3

the legitimate penological interest asserted by the prison." *Hargis v. Foster*, 312 F.3d 404, 410 (9th Cir. 2002). "We assign no heightened value to [plaintiff's] speech. In ruling on this as-applied challenge, we examine whether applying the regulation to that speech—whatever its value—was rationally related to the legitimate penological interest asserted by the prison." *Id.* The relevant question is not whether Plaintiff's publications were properly excluded under DO 914.

> Rather, as *Hargis* and *Bahrampour* attest, the proper question is whether in the particular circumstances of Plaintiff's case, prison officials had legitimate reasons to apply the governing regulation, independent of whether the regulation was ultimately deemed violated. In the posture of a motion for summary judgment, the question is whether a jury could reasonably conclude that prison officials acted unreasonably in applying the DOC policy to the Plaintiff's artwork in light of the asserted penological interests.

*Clark v. Mason*, No. C04-1647-JCC, 2007 WL 2417154, *2 (W.D. Wash. Aug. 20, 2007); *see also Miller v. Conway*, No. CV05-469-S-LMB, 2007 WL 2782246, at *5 (D. Idaho Sept. 21, 2007)(citing *Clark*). Such an analysis is consistent with the deference courts give to correctional staff decisions and *Mauro*'s holding that "prison officials need not prove that the banned materials actually caused problems in the past, or that the materials are 'likely' to cause problems in the future." *Mauro v. Arpaio,* 188 F.3d 1054, 1060 (9th Cir.1999) (en banc).

Here, no reasonable juror could conclude that it was unreasonable to apply DO 914 to these publications and photos. Nor are there any material factual disputes precluding summary judgment. In *Hargis,* the Ninth Circuit remanded the case because there were genuine factual issues regarding whether statements by the prisoner that a guard's comments might be admissible in future litigation could be viewed, in context of their entire conversation, as coercion in violation of a prison regulation. *Hargis*, 312 F.3d at 408-11. Unlike *Hargis* the material here is all written or photographs and thus there can be no ambiguity or material factual dispute as to what these publications or photographs convey. The only question here is a legal one concerning whether a jury

4

could reasonably conclude that prison officials acted unreasonably in applying the ADC policy to these publications and material. *See Clark*, No. C04-1647-JCC, 2007 WL 2417154 at *2.

The analysis of the last three *Turner* factors is the same whether in an as-applied or facial analysis, as these factors involve broader issues not involved with a specific application. *See generally Burton v. Schneider*, No. 315CV05862BHSJRC, 2016 WL 8223269, at *9 (W.D. Wash. Nov. 29, 2016), *report and recommendation adopted,* No. C15-5862 BHS, 2017 WL 516100 (W.D. Wash. Feb. 8, 2017) (applying *Turner* in facial and as-applied analysis). These last three *Turner* factors have already been analyzed by the Court and determined to be in Defendant's favor. (Doc. 110 at 11-16.) As to the first *Turne*r factor, a jury could not reasonably conclude that prison officials acted unreasonably in applying ADC's publication policies policy to the Plaintiff's publications and photos.

### 1. Books

Due to time and personnel restraints, books were not read as part of publication review under DO 914 to determine if there if there is restricted content. (Defendant's Supplemental Statement of Facts at ¶ 4.) (Hereinafter "DSSOF at ___.") Books that have an obviously sexually-explicit orientation or other obvious restricted content may be excluded under DO 914. *Id.* Publication Review staff are also instructed to search for book descriptions and plot summaries on the internet, for example on amazon.com, to help determine if a book contains restricted content under DO 914. (*Id*.) Copies of excluded books are not kept by ADC. (*Id*.at 5-8.)

According to the descriptions on amazon.com, the books *Seduction's Spell, Decadence, Pleasure Control, The Forever Kiss, XXX Adult Stories of Burning Desires*, and *XXX Adult Stories: a Bride for the Whole Family* are all sexually explicit and a jury could not reasonably conclude that prison officials acted unreasonably in applying ADC's publication policies policy to them.

*Seduction's Spell* was excluded on April 30, 2014; *Decadence*, was excluded on January 1, 2016; and *Pleasure Control* was excluded July 11, 2012. (Doc. 61, ¶ 49.) The were excluded again when Plaintiff ordered them in April 2016. (Doc. 15 at 12.) Once a publication has been excluded, it remains excluded. DO. 914.06-1.14; Doc. 61, ¶ 25. It is not reviewed again. *Id*. Since these publications were excluded before Plaintiff ordered them in 2016, they were automatically excluded. (*Id*.) *The Forever Kiss* was excluded in April 2016. (Doc. 15 at 12.) *XXX Adult Stories of Burning Desires*, and *XXX Adult Stories: a Bride for the Whole Family* were excluded in April 2017. (*Id*.)

*Seduction's Spell* is described as an "erotic romance" involving "forbidden fantasies and steamy secrets" and a "sexy antebellum mansion [that] is an erotic palace of pleasure and passion." (DSSOF, Ex. B.) *Decadence* is described as the author "[exploring] the boundaries of one woman's imagination—and crosses them. With absolute abandon..." and "in this intimately private club, Nia submits to an abundance of sensual experiences she previously could only have imagined." (*Id*.) *Pleasure Control* is described as an "erotic romance … in which a most unexpected couple discovers their hidden desires are about to be exposed." One character finds "herself swept up in unexpected sexual adventures with a coworker." Another characters "sexual desire goes through the roof, and Laura becomes a willing participant in the sexual adventures that come next…" (*Id*.) *The Forever Kiss* is described as "a novel of erotic romance" and that the author knows "just the right sexual fantasies to tap into" is described a s the "queen of sensually spicy love stories" and the "queen of erotic romance." (*Id*.) *XXX Adult Stories of Burning Desires* and *XXX Adult Stories: a Bride for the Whole Family* both have titles that speak for themselves.

These publications unambiguously are covered by DO-914.07-1.2.2.1, 1.2.2.3 and perhaps 1.2.2.4. No reasonable juror could conclude that it was unreasonable to apply DO 914 to these publications. Summary judgment should be granted to the Defendant in his official capacity on the as-applied claim that DO-914 was unconstitutionally applied to these books.

6

**2.     Magazines.**

The December 2016 issue of *Elle*; January 2017 issue of *Elle*; February 2017 issue of *Elle*; November 2016 issue of *Cosmopolitan*; December 2016 issue of *Cosmopolitan*; January 2017 issue of *Cosmopolitan*; February 2017 issue of *Cosmopolitan*; March 2017 issue of *Cosmopolitan*; issue of March 2017 *Harper's Bazaar*; and the September 2016 issue of *Elle* were excluded by ADC between August 2016 and March 2017. (Doc. 117 at 2.)

The Arizona Department of Corrections does not keep copies of excluded magazines. (DSSOF at 5-8.) Nonetheless, undersigned counsel has obtained electronic copies of these magazines and concurrently with this Response a motion will be filed seeking leave to submit copies of these magazines to the Court *in camera*.

These magazines have numerous instances of explicit sexual content and suggestive photos covered by DO 914. Plaintiff makes no argument about why these *particular* publications were improperly excluded, he only argues that these magazines are popular and common and "any 15 year old girl" or "minor" could walk into a store and purchase them. (Doc. 15-1 at 3-4; Doc 117 at 2.) What is popular and common outside of prison may still be properly restricted in prison. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). *See also Roberts v. Apker*, 570 F. App'x 646, 648 (9th Cir. 2014) (approving ban on sexually-suggestive pictures as indistinguishable from *Mauro*).

Judge Bolton rejected a similar argument in *Davis v. Penzone*, No. CV-1701946-PHX-SMB (BSB), 2019 WL 911967, at *3 (D. Ariz. Feb. 25, 2019), *appeal dismissed,* No. 19-15587, 2019 WL 2713045 (9th Cir. Apr. 25, 2019). There, a county-jail inmate claimed that the jail's rejection of issues of *Cosmopolitan* and *Marie Claire* magazines violated the First Amendment. *Id*. at *2. Publications containing nudity or portraying "sexual conduct" was prohibited. *Id*. at 3. The policy defined "sexual conduct" as "[a]cts of masturbation, homosexuality, sexual intercourse, or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks or, if such person is a female, breast. *Id*. It appears that the only facts that the court had before it concerning the

content of these magazines was the jail's undetailed rejection of the magazines under its publication policies. I*d*. After a *Turner* analysis, the court granted the Defendant's summary judgment motion. I*d*. at **4-7.

Significantly, in denying the Plaintiff's later motion to amend his Complaint to add additional excluded magazines, the *Davis* court rejected the Plaintiff's argument that "these specific magazines, i.e., Marie Claire, Cosmopolitan, National Geographic, etc., 'do not publish 'sexual explicit material' in their magazines,' and the magazines are available at newsstands and grocery stores." *Davis v. Penzone*, No. CV-1701946-PHX-SMB (CDB), 2019 WL 4481911, at *8 (D. Ariz. Aug. 30, 2019), *report and recommendation adopted sub nom. Davis v. Murphy*, No. CV-1701946-PHX-SMB (CDB), 2019 WL 5103305 (D. Ariz. Oct. 11, 2019). The court also refused to evaluate the content of specific magazines, reasoning that:

> Plaintiff does not challenge a "blanket" prohibition on magazines, instead he complains that jail officials are misinterpreting their own legitimate policy on a case-by-case basis, inviting this Court to weigh-in on whether specific issues of specific magazines are or are not allowable under a jail policy which has been found constitutional.

*Id*.

As noted in *Davis* (*id*.), federal courts must give "substantial deference to the professional judgment of prison administrators" in interpreting their own policies. *Beard v. Bank*, 548 U.S. 521, 528 (2006), citing *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). In light of the constitutional principles of separation of powers and federalism, the actions and policies of prison administrators receive a considerable level of deference. Turner, 482 U.S. at 84-85. Courts "afford considerable deference to the expertise and decision making of prison administrators." *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001). Much like the magazines properly excluded in *Davis*, the pictures and articles in Elle, Cosmopolitan, and Harper's Bazaar certainly fall within ADC's publication regulations restricting sexually explicit material. And sexually explicit material can be constitutionally regulated. *Id*.; *Mauro*, 188 F.3d at 1059. No reasonable juror could conclude that it was unreasonable to apply DO 914 to these

8

publications. Summary judgment should be granted to the Defendant in his official capacity on the as-applied claim that DO-914 was unconstitutionally applied to these magazines.

### 3. Legal Periodical

Plaintiff claims that he received the October 2014 issue of *Prison Legal News* with two pages torn out and replaced with photocopied pages with redacted sections. (Doc. 15-1 at 9-10.) Plaintiff's claim is barred by the statute of limitations. He alleges that his October 2014 issue of *Legal Prison News* was excluded as sexually explicit contraband on November 1, 2014, and that he received his copy on June 15, 2015 which incorporated redacted sections and two missing pages. (*Id.* at 9.) Plaintiff alleged events occurred, at the latest, in June 2015. He filed his First Amended Complaint on October 25, 2017. (Doc. 15.) The statute of limitation for a § 1983 claim in Arizona is two-years. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004). This suit was filed past the two-year statute of limitations for a § 1983 claim. The injunction claim is therefore barred by the statute of limitations and summary judgment should be granted to Defendant.

Even if not time-barred, this publication was properly redacted by ADC. Plaintiff argues that *Prison Legal News* is not sexually explicit because it focuses on law and litigation involving prisoners. (Doc. 15-1 at 9; doc. 117 at 3.) *Any* type of publication can have sexually explicit material within it, subject to regulation. Surely, Plaintiff could not credibly argue that a publication with nude photographs that also discussed prisoner issues should be exempt from regulation. This situation is no different. No specific publication is categorically excluded or restricted by ADC regulations—each issue is individually reviewed. *See* DO 914.06-1.2. ("All publications are subject to screening and review and shall meet standards and guidelines as detailed in this Department Order.") It is the particular content, not the type of publication, which is subject to

9

regulation. Accordingly, the fact that sexually explicit content was within an issue of the *Prison Legal News* does not exempt it from regulation.

The redacted pages of this issue of Prison Legal News was submitted to the Court for *in camera* review. (Doc. 67.). The Court will see that the redacted portions include an extremely graphic description of sexual contact between an inmate and prison officers. These passages unambiguously are covered by DO-914.07-1.2.2.1, 1.2.2.3 and perhaps 1.2.2.4. No reasonable juror could conclude that it was unreasonable to apply DO 914 to these passages. Summary judgment should be granted to the Defendants in their official capacity on the as-applied claim that DO-914 was unconstitutionally applied to the October 2014 issue of *Prison Legal News*.

### 4. Photos

Plaintiff claims his First Amendment constitutional rights were violated when non-nude photographs of women he ordered from a licensed company, as well as a catalog containing thumbnail photos of non-nude photographs of women, were confiscated. (Doc. 15-1 at 5-6; doc. 117 at 2-3.) These photos were excluded in January 2017 and the catalog excluded in September 2017. (Doc. 117 at 2-3.) These photos and the catalog were submitted to the Court for *in camera* review. (Doc. 67.) Both nude and suggestive pictures can be constitutionally restricted in prison. *Mauro*, 188 F.3d at 1059; *Roberts*, 570 F. App'x at 648 (Ninth Circuit approving ban on sexually-suggestive pictures as indistinguishable from *Mauro*). Upon review, the Court will observe photos, and a catalog of photos, that are purposely suggestive. . No reasonable juror could conclude that it was unreasonable to apply DO 914 to these passages. Summary judgment should be granted to the Defendants in their official capacity on the as-applied claim that DO-914 was unconstitutionally applied to these photos and catalog.

### 5. Change in Policy

Plaintiff seeks a court order preventing ADC from redacting publications.

10

(Doc. 117 at 3.)  In *Thornburgh*, the Supreme Court approved excluding an entire publication if a portion of it was restricted.  *Thornburgh*, 490 U.S. at 418-19 (approving an "all or nothing " regulation which banned the entire publication).  If the entire publication can be banned, surely a portion of the publication can be banned.  Summary judgment should be granted to Defendant on Plaintiff's claim to enjoin redaction of excluded portions of publications.

### D. Conclusion.

It is generally the state's burden to establish a rational relationship between its limiting regulation or policy and the legitimate penological objectives it asserts. *Beard*, 548 U.S. at 529-30 (finding a rational relationship between regulation denying newspapers, magazines and photographs to a group of specially dangerous inmates and the legitimate penological objective of motivating better behavior on the part of these inmates). However, because a court must accord deference in disputed matters of professional judgment to prison officials, "unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." *Id.* at 530. Prison security is a legitimate and neutral penological interest and materials that pose a threat to security may be confiscated on the basis of content.  *Thornburgh*, 490 U.S. at 403.

Plaintiff here has not established that ADC improperly applied its publication regulations to these publications and photos.  Accordingly, it is respectfully requested that the Court grant summary judgment to Defendant Shinn in his official capacity as to Plaintiff's as-applied injunctive relief claims.

Respectfully submitted this 18th day of November, 2019.

MARK BRNOVICH
Attorney General

<u>s/Michael E. Gottfried</u>
Michael E. Gottfried
Assistant Attorney General
*Attorney for Defendants Ryan, Williams, Osler and Anderson*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019, I electronically transmitted the attached document to the Clerk of Court using the CM/ECF System.

This document will be served by mail on November 19, 2019, on the following, who is <u>not</u> a registered participant of the CM/ECF System:

DaJuan Williams, ADC# 124345
ASPC-Eyman
P O Box 3400/SMU II
Florence, Arizona  85132
*Plaintiff pro se*

<u>s/ Michael Gottfried</u>
#8350346

12