MGD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>              Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>              Defendants. | No.  CV 17-01833-PHX-DGC (CDB)<br><br>**ORDER**<br>**AND**<br>**ORDER TO SHOW CAUSE** |

Plaintiff DaJuan Torrell Williams, who is temporarily confined in the Yuma County Detention Center, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 challenging the Arizona Department of Corrections' (ADC) Department Order (DO) 914.07, the policy prohibiting prisoners from sending, receiving, or possessing "sexually explicit material or content that is detrimental to the safe, secure, and orderly operation of the facility." (Doc. 15.)  Before the Court is Defendant Shinn's Response in Opposition to Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) and the Court's Order (Doc. 175), as well Defendant's supplemental evidence submitted for *in camera* review (Doc. 177).  Also pending is Plaintiff's Motion for Correction of Record (Doc. 178), which the Court has construed as a Motion for Reconsideration, and Defendant's Response to that Motion (Doc. 181).

**I.     Background**

On screening of Plaintiff's First Amended Complaint (FAC) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated First Amendment claims against

former ADC Director Ryan and Correctional Officers Barnes, Anderson, Osler, Mangan, Williams, and Antolin, and required them to answer the claims against them.[1]  (Doc. 17.)

In an August 30, 2019 Order, the Court granted Defendants' Motion for Summary Judgment as to Plaintiff's facial challenge to DO 914.07 and determined that Defendants were entitled to qualified immunity on Plaintiff's as-applied claim for damages. (Doc. 110.)  The Court ordered additional briefing on Plaintiff's as-applied challenge seeking injunctive relief, requiring Plaintiff to identify the specific injunctive relief he sought and Defendants to state the bases for the exclusions of those items.  (*Id.*)

On July 15, 2020, the Court granted in part and denied in part Defendant Shinn's Motion for Summary Judgment with respect to Plaintiff's First Amendment claims as applied to the publications Plaintiff had ordered.[2]  (Doc. 172.)  The Court granted summary judgment to Defendant with respect to the books and booklets Plaintiff had ordered, 8 photos from FIYA Girls, 5 pages of thumbnail photos from Picture Kingz, an issue of Prison Legal News, and various issues of *Elle*, *Harper's Bazaar*, and *Cosmopolitan* magazines.  (*Id.*)  The Court denied summary judgment with respect to one page of thumbnail photos from publisher EPS because Defendant had not provided those photos with its summary judgment briefing; one page each from the September and December 2016 issues of *Elle*; the entire February 2017 issue of *Elle* because Defendant did not identify which page(s) violated DO 914.07; and one page each from the December 2016 and March 2017 issues of *Cosmopolitan*.  (*Id.*)

The Court permitted Defendant Shinn 30 days to file a response to the July 15, 2020 Order pursuant to Rule 56(f) of the Federal Rules of Civil Procedure addressing why Plaintiff is not entitled to summary judgment in his favor with respect to the items for which the Court denied summary judgment.  (*Id.* at 26.)  Defendant has now filed his

---

[1] On October 1, 2019, David Shinn became ADC's Director and was automatically substituted for Ryan in his official capacity under Federal Rule of Civil Procedure 25(d). (*See* Doc. 119 at 1 n.1.)

[2] The Court also dismissed with prejudice Defendants Barnes, Anderson, Osler, Mangan, Williams, and Antolin.  (Doc. 172 at 25.)

Response (Doc. 175), and the Court granted Defendant leave to provide the Court with the thumbnail photos from EPS for *in camera* inspection – photos which Defendant says he inadvertently failed to submit with his summary judgment briefing. (Docs. 176, 177.)

## II.     Defendant's Rule 56(f) Response to Summary Judgment Order

Defendant asserts that he does not seek to have the Court reconsider its earlier conclusions regarding Plaintiff's magazines. Rather, Defendant "reurge[s] a waiver argument briefly made in the Motion for Summary Judgment as to the personal liability of the individual Defendants, but not made as to the injunctive relief claims." (Doc. 175 at 3, citing Doc. 65 at 20-21.) Defendant argues that Plaintiff alleged in his FAC that ADC's publication regulations were facially unconstitutional and that specific individuals violated his constitutional rights by preventing him from receiving specific publications, but that Plaintiff never alleged or argued that the regulations, if constitutional, were irrationally or improperly applied to his specific publications. (*Id.*, citing Doc. 15 (FAC) at 5-9, 11; Doc. 15-1 at 2-4.) Defendant argues that Plaintiff's claims against the ADC Director in his official capacity were general, facial invalidity claims and did not involve the application of DO 914.07 to Plaintiff's specific publications. (*Id.* at 4, citing Doc. 17 at 4-5, 9.) Thus, Defendant contends that summary judgment should not be granted to Plaintiff on a claim he never made. (*Id.*)

Defendant did not make this argument in his Response to the Court's Order for additional briefing on Plaintiff's as-applied injunctive relief claims. (*See* Doc. 119.) When Defendants argued at summary judgment that corrections officers sued in their individual capacities for money damages were entitled to qualified immunity because they applied a constitutional policy in good faith (Doc. 65 at 20-21), it was not clear that Defendants also meant to argue that the ADC Director, in his official capacity, was immune from Plaintiff's injunctive relief claims because Plaintiff did not allege that the policy, if constitutional, was improperly applied to his publications. Moreover, the Court must construe Plaintiff's pleadings liberally, and the Court has already determined that Plaintiff was asserting an as-applied claim for injunctive relief. *See* Doc. 110 at 16, 19. The only Defendant in a

position to address Plaintiff's request for injunctive relief is Defendant Shinn in his official capacity. *See ACS of Fairbanks, Inc. v. GCI Commc'n Corp.*, 321 F.3d 1215, 1217 (9th Cir. 2003) (although the Eleventh Amendment bars a damages action against a State in federal court, it does not bar claims for injunctive relief against individuals in their official capacity). Thus, Defendant's "waiver" argument is without merit and the Court will consider the additional evidence Defendant has submitted and whether Defendant is entitled to summary judgment as to that evidence.

The Court has reviewed the thumbnail photos from EPS titled "Non-Nude Porn Stars" and, although the photos are small and the pages submitted are photocopies, they are clear enough for the Court to conclude that prison officials could have rationally concluded that they come within the exclusion categories of DO 914.07 § 1.2.1 (nudity) or § 1.2.17 (sexually suggestive settings, poses or attire, etc.) and reasonably believed that exclusion of the photos served a legitimate penological purpose. There are approximately 142 thumbnail photos of women taken from the front and behind in sexually suggestive poses – some of the women appear to be nude, others appear to be wearing bikinis or lingerie, and some appear to be wearing little more than a thong that does not cover the prominently displayed buttocks at all. Accordingly, the Court will grant summary judgment to Defendant as to the thumbnail photos from EPS.

As noted above, the Court denied summary judgment to Defendant as to the February 2017 issue of *Elle* because Defendant did not say which pages violated DO 914.07. With his Response to the Court's Order, Defendant now presents evidence explaining which pages were found to violate DO 914.07 by the Office of Publication Review (OPR). (Doc. 175-1 at 3-4 (Miller Decl.) ¶¶ 10-13; Doc. 175-1 at 6.) Diane Miller, OPR's Administrative Services Officer, asserts that OPR excluded pages 8 and 9 under DO 914.07 § 1.2.1 (nudity), page 126 under § 1.2.7 (depictions of drug paraphernalia or instructions for manufacturing alcohol or drugs), and page 136 under § 1.2.2.2 (sadomasochistic abuse) and § 1.2.17 (sexually suggestive settings, poses or attire, etc.). The Court has reviewed these pages and notes that either page 8 or 9 (the page numbering

is difficult to decipher) shows a woman's nipples, page 126 discusses marijuana, and page 136 contains descriptions of sexual activity. The Court concludes that prison officials could have rationally concluded that those pages violated the cited sections of DO 914.07 and reasonably believed that exclusion of the magazine served a legitimate penological purpose. Accordingly, the Court will grant summary judgment to Defendant as to the exclusion of the February 2017 issue of *Elle*.

Also, although the Court previously denied summary judgment to Defendant as to one page each from the September and December 2016 issues of *Elle* and the December 2016 and March 2017 issues of *Cosmopolitan*, the Court found that other portions of those magazines were properly withheld. (Doc. 172.) The Court also noted that because Plaintiff refused to accept his magazines with redactions, it was reasonable for prison officials to withhold the magazines in their entireties. (*Id*. at 25 n.21.) Plaintiff's refusal to accept redacted magazines precludes him from obtaining injunctive relief on those magazines now – the Court will not order Defendant to provide unredacted copies when it has found that some parts of the magazines were properly withheld. For this reason, the Court will reconsider its July 15, 2020 Order and grant summary judgment to Defendant with respect to Plaintiff's as-applied injunctive relief claims regarding the September and December 2016 issues of *Elle* and the December 2016 and March 2017 issues of *Cosmopolitan. See United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) ("[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case."); *see also City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (holding that district court had discretion to reconsider its own prior order *sua sponte*, and stating that "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment.").

### III. Plaintiff's Motion for Correction/Motion for Reconsideration

In the parties' supplemental briefing, Plaintiff asserted that among the items he had ordered, he wanted to receive 26 non-nude photographs that were excluded in January 2017. (Doc. 117 at 2-3.) In its July 15, 2020 Order, the Court said that Plaintiff's FAC did

not contain an allegation about the 26 non-nude photographs and so the Court addressed only the photos from FIYA Girl, Picture Kingz, and EPS. (*See* Doc. 172 at 17 n.12.) Plaintiff asserts in his Motion that the Court erred because Count Five of the FAC did in fact contain this allegation. (Doc. 178 at 1-2.)

Because Plaintiff was correct that the Court overlooked his Count Five allegation, the Court construed Plaintiff's Motion for Correction as a Motion for Reconsideration and required Defendant to file a response and to submit for *in camera* review the 26 photos that Plaintiff alleged were withheld from him on or about January 30, 2017, and to provide the bases for withholding those photos. (Doc. 180.) The Court noted that if the 8 photos previously provided were part of the group of 26 photos, Defendant did not need to provide those 8 photos again. (*Id.* at n.3.)

Defendant responded that on January 30, 2017, ADC did exclude the 8 photographs previously provided to the Court as well as "another 18 photographs (and a sheet of thumbnail photos)," and Plaintiff was notified of their exclusion on February 1, 2017. (Doc. 181 at 2.) Defendant contends Plaintiff did appeal the exclusion of the 8 photos, which is why Defendant retained copies of those 8 photos, but ADC has no record of an appeal of the other 18 excluded photos and so ADC does not have copies of those photos and likely destroyed them in the absence of an appeal.[3] (*Id.*) Defendant states that, "for unknown reasons," a scanned copy of 4 "partial photos" from these 18 photos was found, and Defendant submitted those photos with his response. (*Id.*, citing Ex. B.)[4]

Defendant argues that the 18 photos were excluded under DO 914.07 §1.2.17, which prohibits content that may "cause or encourage sexual excitement or arousal or hostile behaviors, or that depicts sexually suggestive settings, poses or attire," among other things. (Doc. 181 at 3; Doc. 62-1 at 29.) Defendant argues that the 18 photos are "akin to and of

---

[3] Contrary to Defendant's assertion, Plaintiff has presented evidence that he appealed both the exclusion of the 8 FIYA photos and 18 other photos that were excluded on January 30, 2017. (*See* Doc. 155 at 28-29 and Doc. 155 at 35-37.)

[4] Defendant asserts that the exhibit will not be provided to Plaintiff. (Doc. 181 at 3 n.1.)

- 6 -

the same ilk as the 8 excluded (and appealed) photos that were submitted to the Court, and apparently from the same publisher and group of photographs (FYIA Girls POB 112118)." (Doc. 181 at 4, citing Doc. 87-3 at 26, 30 (listing the same publisher and publication date).) Defendant contends that "[t]here is no legitimate doubt, given the 4 partial photos found and the other 8 photos from this same publisher, that these photos are intended to be suggestive," and it was therefore reasonable for ADC to exclude these photographs as sexually suggestive. (*Id.*)

As to the one page of scanned photos that Defendant located, it is clear that two of them are close-up photos of women's buttocks wearing only a thong and that prison officials could have rationally concluded that they come within DO 914.07 § 1.2.17, and could have reasonably believed that exclusion of the photos served a legitimate penological purpose. The other two photos on the page only show a bare leg and it is impossible to tell if they are within the purview of DO 914.07's exclusions.

The question remains what to do about the 16 other photos from the same publisher that arrived at the prison on January 30, 2017 and which the Court has not been able to review because ADC no longer has them. Defendant argues that Plaintiff's Motion for Reconsideration revolves around the question of whether ADC is required to store and preserve excluded publications on a prisoner's behalf in case that prisoner chooses to file a lawsuit challenging the exclusion. (*Id.*) Defendant argues it should be Plaintiff's burden not only to demonstrate that ADC improperly excluded the photos but also to produce the photos in question because ADC is not able to store every publication excluded. (*Id.* at 4, citing Doc. 120 at 2 ¶¶ 7-8.) Defendant asserts prisoners can preserve their evidence by choosing to have their excluded publications sent to a third party outside the prison, or the prisoner can repurchase the publication and submit it to the Court. (*Id.*, citing Doc. 120- at 2 ¶¶ 5-6.)

Because ADC no longer has the 16 photos in question and return of the photos to Plaintiff is the only possible relief left in this case, it appears that Plaintiff no longer has standing to prosecute the remaining issue in this action. That is because Article III standing

requires that an injury be "redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149, (2010) (internal citation omitted).  Even if the Court were to find that Plaintiff suffered an injury with respect to the 16 photos, the injury would not be redressable through injunctive relief because ADC no longer has them.  Thus, Plaintiff no longer has standing to prosecute this issue, and the Court will deny Plaintiff's Motion for Reconsideration.

Even though Defendant Shinn did not seek summary judgment on these grounds, Federal Rule of Civil Procedure 56(f)(2) empowers the Court to grant summary judgment on grounds not raised by a party after providing notice and an opportunity to respond. Because the Court finds that Plaintiff's First Amendment as-applied claim for injunctive relief with respect to the 16 photos is not capable of being granted, Plaintiff must show cause within 30 days why the Court should not dismiss this claim for lack of standing and enter summary judgment for Defendant Shinn on Plaintiff's as-applied claims.  Failure to respond may result in this claim being dismissed. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

**IT IS ORDERED**:

(1)    The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Correction of Record (Doc. 178), which the Court has construed as a Motion for Reconsideration, and the Motion is **denied**.

(2)    The Court **reconsiders** its July 15, 2020 Order (Doc. 172) to the extent that Defendants' Motion for Summary Judgment (Doc. 65) is **granted** with respect to Plaintiff's as-applied claim for injunctive relief regarding the September and December 2016 issues of *Elle* and the December 2016 and March 2017 issues of *Cosmopolitan.*  The Court further **grants** summary judgment to Defendant with respect to the one page of thumbnail photos from EPS and the February 2017 issue of *Elle*.

(3)    Within **20 days** of the date of this Order, Plaintiff must file a response and show cause why the Court should not dismiss the remaining claim for lack of standing and

- 8 -

enter summary judgment for Defendant Shinn on Plaintiff's remaining as-applied claim for injunctive relief.

(4)  Within **10 days** of Plaintiff's response to the Order to Show Cause, Defendant may file a reply.

Dated this 1st day of October, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge