MGD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Defendants. | No.  CV 17-01833-PHX-DGC (CDB)<br><br>**ORDER** |

Plaintiff DaJuan Torrell Williams, who is temporarily confined in the Yuma County Detention Center, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 challenging the Arizona Department of Corrections' (ADC) Department Order (DO) 914.07, the policy prohibiting prisoners from sending, receiving, or possessing "sexually explicit material or content that is detrimental to the safe, secure, and orderly operation of the facility." (Doc. 15.)  Before the Court is Plaintiffs' Response and Defendant's Reply to the Court's Order to Show Cause regarding the remaining claim in this action.  (Docs. 182, 185, 186.)

**I.　Background**

On screening of Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated First Amendment claims against former ADC Director Ryan and Correctional Officers Barnes, Anderson, Osler, Mangan, Williams, and Antolin and required them to answer the claims against them.[1]  (Doc. 17.)

---

[1] On October 1, 2019, David Shinn became ADC's Director and was automatically

In an August 29, 2019 Order, the Court granted Defendants' Motion for Summary Judgment as to Plaintiff's facial challenge to DO 914.07 and determined that Defendants were entitled to qualified immunity on Plaintiff's as-applied claim for damages. (Doc. 110.) The Court ordered additional briefing from the parties on Plaintiff's as-applied challenge seeking injunctive relief, requiring Plaintiff to identify the specific injunctive relief he sought and Defendants to state the bases for the exclusions of those items. (*Id.*)

Once the parties completed their supplemental briefing, the Court, in an Order dated July 15, 2020, granted summary judgment to Defendant Shinn with respect to most of the publications and photos that were withheld from Plaintiff and found it was reasonable for prison officials to withhold entire magazines from Plaintiff because Plaintiff refused to accept any redactions to his publications.[2] (Doc. 172.) The Court denied summary judgment with respect to certain issues of *Elle* and *Cosmopolitan* magazines and one page of thumbnail photos. (*Id.*) The Court allowed Defendant to file a response addressing why Plaintiff was not entitled to summary judgment in his favor on those items. (*Id.*)

Plaintiff filed a Motion for Correction, which the Court construed as a Motion for Reconsideration, in which he asserted that the Court erred in failing to address 26 other photographs that were excluded in January 2017. (Doc. 178.) In an Order dated September 4, 2020, the Court found that Plaintiff was correct and ordered Defendant to submit the 26 photos for in camera review and the bases for withholding them. (Doc. 180.) Defendant responded that the Court had already addressed 8 of the 26 photos and that ADC had copies only of portions of 4 additional photos, which Defendant provided to the Court. (Doc. 181.) Defendant asserted that the other 14 photos were likely destroyed because Plaintiff chose not to have them sent to a third party or returned to the publisher after he was notified they had been excluded and because ADC does not have the ability to store copies of publications involved in administrative appeals. (*Id.* at 2.)

---

substituted for Ryan in his official capacity under Federal Rule of Civil Procedure 25(d). (*See* Doc. 119 at 1 n.1.)

[2] The Court also dismissed with prejudice Defendants Barnes, Anderson, Osler, Mangan, Williams, and Antolin. (Doc. 172 at 25.)

In an Order dated October 1, 2020, the Court granted summary judgment to Defendant with respect to the *Elle* and *Cosmopolitan* magazines and the page of thumbnail photos. (Doc. 182.) As to the 18 other photos, the Court reviewed the 4 partial photos submitted by Defendant and determined that prison officials legitimately excluded two photos, but it was impossible to tell if the other two partial photos were within the purview of DO 914.07's exclusions. (*Id*. at 7.) Because ADC no longer had the remaining 16 photos at issue, and return of the photos to Plaintiff was the only possible relief left in this case, it appeared to the Court that Plaintiff no longer had standing to prosecute this issue even if the Court were to find that Plaintiff had suffered an injury with respect to the 16 photos. (*Id*. at 7-8.) The Court therefore ordered Plaintiff to show cause why his remaining claim for the 16 photos should not be dismissed for lack of standing and judgment should not be entered for Defendant Shinn on Plaintiff's as-applied claims. (*Id*.)

**II.   Response to Order to Show Cause**

In his Response, Plaintiff asserts that he should have sent his excluded photographs to a third party. (Doc. 185 at 2.) But even if Plaintiff had done that and prevailed on this claim, Plaintiff asserts that ADC policy prohibits inmates from receiving publications from third parties. (*Id*.) Plaintiff argues that when prison officials are "notified of litigatory intent," they "should be required to hold the offending publications for a minimum of 2 years, and/or should not be allowed to escape liability by simply destroying or 'misplacing' the publication(s) at issue and then claiming that Plaintiff has no 'proof' that exclusion was unreasonable." (*Id*.) Nevertheless, Plaintiff states that because the Court found ADC's policy to be constitutional, "any show of cause would be futile and only serve to delay the inevitable" because even if the photos were of his mother or sister fully clothed or of pine trees, they could be excluded "because they may cause sexual excitement or arousal." (*Id*. at 3.) Plaintiff therefore asks the Court to issue a final judgment so that Plaintiff can seek review in the Court of Appeals. (*Id*.)

Based on this Response, the Court will discharge the Order to Show Cause and grant summary judgment to Defendant as to the 16 photographs because Plaintiff does not have

standing to pursue this claim. (Doc. 186.) As Plaintiff acknowledges, he could have preserved these photographs for litigation by sending them a third party, but did not. Because the photos no longer exist, there is no relief the Court could grant Plaintiff even if the Court found in his favor. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) (Article III standing requires that an injury be "redressable by a favorable ruling").

**IT IS ORDERED**:

(1)   The Order to Show Cause (Doc. 182) is **discharged**.

(2)   Defendants' Motion for Summary Judgment (Doc. 65) as to the remaining First Amendment as-applied claim regarding 16 photographs is **granted**.

(3)   There being no remaining claims, this action is **dismissed with prejudice**. The Clerk of Court **must enter judgment** accordingly.

Dated this 23rd day of November, 2020.

David G. Campbell
Senior United States District Judge