**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DeJuan Williams,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Defendants. | No. CV-17-01833-PHX-DGC (CDB)<br><br>**ORDER** |

    On November 30, 2023, the Ninth Circuit issued its mandate in this case, remanding the case in part to this Court. On December 6, 2023, the Court ordered the parties to file short memoranda setting forth their views on what should happen next. Doc. 201. Defendants filed a memorandum indicating that they attempted to return some of the materials at issue to Plaintiff, and he accepted some and rejected others. Doc. 204. Defendants also said they will purchase the additional 16 photographs if Plaintiff identifies them. *Id*. Plaintiff did not file a memorandum.

    On February 29, 2024, the Court issued an order directing Plaintiff to file a memorandum on these issues within 20 days. He was also warned that failure to do so likely would result in the dismissal of this case for lack of prosecution. Doc. 205. On March 25, 2024, Plaintiff filed a motion requesting 30 additional days to file his memorandum. Doc. 206. That request was granted by Judge Bibles, and Plaintiff was given until April 26, 2024 to comply with the order. Doc. 207. Judge Bibles stated that further extensions would not be granted. *Id.*

The extended deadline of April 26, 2024, passed almost four weeks ago, and Plaintiff has filed nothing. The Court must consider five factors in deciding whether to dismiss this action with prejudice for Plaintiff's failure to respond as ordered: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

With respect to the first factor, this Circuit has made clear that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because Plaintiff's failure to respond to the Court's orders "has caused the action to come to a complete halt" and has allowed Plaintiff "to control the pace of the docket rather than the Court." *Id.* Considering the third factor, Plaintiff's failure to respond has caused "sufficient prejudice to Defendant[] from the delay that this factor also strongly favors dismissal." *Id.* On the fourth factor, public policy favors disposition of cases on the merits, but this consideration is outweighed by the other factors supporting dismissal of this action. *Id.*; *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (finding that this factor "lends little support" to the plaintiff because a case that "is stalled or unreasonably delayed by a party's failure to [prosecute] cannot move forward toward resolution on the merits"). Considering the fifth factor, the Court finds that a less drastic alternative is not appropriate because the Court afforded Plaintiff ample time to respond to its orders and warned him that failure to do so could result in dismissal. Doc. 12 at 7-8; *see Ferdik*, 963 F.2d at 1262 (the court's warning to the plaintiff that his failure to obey the court's order may result in dismissal "satisf[ies] the 'consideration of alternatives' requirement"); *In re Phenylpropanolamine*, 460 F.3d at 1229 (same).

The five-factor analysis favors dismissal of this action with prejudice for Plaintiff's failure to prosecute and his failure to comply with the Court's December 6, February 29, and March 26 orders. *See Shields v. Dollar Tree, Inc.*, No. 23-CV-925 JLS (BLM), 2024

WL 270098, at *1-2 (S.D. Cal. Jan. 24, 2024) ("Finding that the [five] factors and the circumstances of this case weigh heavily in favor of dismissal, the Court dismisses this action with prejudice pursuant to Rule 41(b) based on Plaintiff's failure to comply with the Court's Order.").

**IT IS ORDERED** that this case is **dismissed with prejudice** for lack of prosecution. The Clerk of Court is directed to close this case.

Dated this 23rd day of May, 2024.

David G. Campbell
Senior United States District Judge